**Monique MANCHOUCK, as an individual, and on behalf of all others similarly situated, Plaintiff–Appellant,**

v.

**MONDELEZ INTERNATIONAL, INC., an Illinois corporation, DBA Nabisco, Defendant–Appellee.**

No. 13–17029.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2015.[*]

Filed May 18, 2015.

Benjamin Michael Lopatin, The Law Offices of Howard W. Rubinstein, San Francisco, CA, for Plaintiff–Appellant.

Kenneth K. Lee, Jenner & Block, LLP, Los Angeles, CA, Dean N. Panos, Esquire, Jenner & Block LLP, Chicago, IL, for Defendant–Appellee.

Before: O'SCANNLAIN and IKUTA, Circuit Judges and BURNS,[**] District Judge.

[**] The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

MEMORANDUM ***

Monique Manchouck appeals the district court's dismissal of her class action suit against Mondelez International, Inc., dba Nabisco (Nabisco) with prejudice. She alleges only that the district court abused its discretion in denying leave to amend; she does not challenge its dismissal of her complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We decline to consider Manchouck's new proposal for amending her complaint to cure its defects, because she failed to first present the proposed amendment to the district court either in opposition to a motion to dismiss or in a motion for reconsideration under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. *See Vincent v. Trend W. Technical Corp.,* 828 F.2d 563, 570 (9th Cir.1987). Moreover, even if we considered Manchouck's proposed amendment, it does no more than restate an allegation in paragraph 22 of the First Amended Complaint. Manchouck raises the additional argument that other Newtons products list fruits rather than fruit purees as ingredients, but fails to explain the legal significance of this fact. Accordingly, the district court did not err in concluding that any further amendment would be futile. *See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 188 (9th Cir. 1987).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).